**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Dale Lewis,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-19-00310-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Eric J. Markovich, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). He issued a Report and Recommendation (R&R) on May 17, 2021. (Doc. 77: R&R). He recommends that the Petition for Habeas Corpus (28 U.S.C. § 2254) be denied because the Petitioner's ground for relief was procedurally defaulted in the state court and is, therefore, barred from review by the federal court. The Court adopts the R&R and denies the Petition.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a magistrate judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'"

*Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). No objections were filed, but the Petitioner filed a Motion to Stay. (Doc. 32.) He believes issues need to be addressed in state court.

REPORT AND RECOMMENDATION

Before a petition for habeas corpus can be presented to a federal court, the state prisoner must exhaust his remedies in state court. 28 US.C. 2254(b)(1) & (c). Procedural default occurs when a petitioner fails to fairly present his claim in the state courts, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred." (R&R (Doc 31) at 10 (quoting *Coleman* 501 U.S. at 735 n.1)). This procedural bar prevents the state prisoner from exhausting his remedies in state court and bars review here. This is the posture of Petitioner's case as accurately described by the Magistrate Judge and means that there are no issues which may be addressed in state court.

Petitioner presents one ground for relief. He alleges his Fourth Amendment rights were violated based on an unlawful arrest which flowed from an unlawful entry into the curtilage of his home without a search warrant. At trial, Defendant filed a Motion to

Suppress because police lacked probable cause to arrest him. The motion was denied, and the argument was reurged on direct appeal without success. In the state courts, the Defendant filed two Petitions for Postconviction Relief (PCR) and argued ineffective assistance of counsel (IAC) at trial for "failing to raise the issue in the motion to suppress that the police illegally entered Petitioner's curtilage under false pretexts without a warrant, violating Petitioner's Fourth Amendment right to a reasonable expectation of privacy." (R&R (Doc. 31) at 5.) The Magistrate Judge, correctly, found that presenting the Fourth Amendment claim as the underlying violation for an IAC claim is not a fair presentation in the state court of the Fourth Amendment ground for relief he makes here. *Id.* at 9, 11 (citing *See Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007) (mere similarity insufficient to exhaust claims; there must be substantial equivalent); *Rose v. Palmateer,* 395 F.3d 1108, 1112 (9th Cir 2005) (unlawfulness confession supporting IAC claim on PCR not fair presentation of Fifth Amendment claim because while related, they are distinct claims with separate elements of proof) (other citations omitted).

The Court agrees with the Magistrate Judge. The Petitioner failed to exhaust his federal claim in state court. Because there are no state remedies available now to him, he may not return to the state court for relief. The claim is properly described a procedurally defaulted because the state court would now find the claim barred, pursuant to state law, because the time for filing a state court petition has expired. This is the procedural posture of the Petitioner's Fourth Amendment claim that he presents as the ground for habeas relief. Because Petitioner's claim is procedurally defaulted, federal habeas review may occur only in limited circumstances, which do not exist here. [1] *Id.* at 10-11, 16-18.

---

[1] To overcome the prohibition on the federal court to review procedurally defaulted claims, Petitioner must show cause to excuse the failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation or that a miscarriage of justice would result from the lack of review. (R&R at 16-17) (citations omitted). The Court notes that the state court of appeals got it right when it considered the IAC claim based on the alleged Fourth Amendment violation: *United States v. Perea-Rey,* 680 F.3d 1179, 1189 (9th Cir. 2012) (knock and talk exception authorizes officers to enter the curtilage to initiate a consensual conversation with residents of home). *Id.* at 7.

## CONCLUSION

There are no objections and review has been waived. The Court nevertheless reviews at a minimum, de novo, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. See *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court denies the Petition for Habeas Corpus Relief, Pursuant to 28 U.S.C. § 2254.

**Accordingly**,

**IT IS ORDERED** that the Motion to Stay (Doc. 32) is DENIED.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 31) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition for Habeas Corpus (28 U.S.C. § 2254) (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

///
///
///
///
///
///

1 **IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, pursuant to Rule 11(a) of the Rules Governing Section 2254, cases because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 28th day of June, 2021.

_____
Honorable David C. Bury
United States District Judge